

**STEVEN BANKS**
*Corporation Counsel*

**THE CITY OF NEW YORK**
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**BELINA ANDERSON**
Phone: (212) 356-4367
Fax: (212) 356-2089
Email: beanders@law.nyc.gov

July 24 2026

*By ECF*
Hon. LaShann DeArcy Hall
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Request for extension on consent and pre-motion to dismiss conference
          *USA, ex rel. Aldana v. New York City Constr. Auth., et al.*
          No. 23-cv-8078 (LDH)(PK)

Dear Judge DeArcy Hall:

      I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York. I have appeared on behalf of defendant New York City School Construction Authority ("SCA") in this *qui tam* suit. SCA, respectfully, requests additional time to respond to Plaintiff's second amended complaint ("SAC") (ECF Nos. 47-48) and a conference to discuss SCA's anticipated motion to dismiss the SAC, pursuant to Rule III.A.1.a of Your Honor's Individual Rules.[1]

      After the parties fully briefed Plaintiff's motion for leave to file the SAC (ECF Nos. 40, 43, 45),Your Honor referred the motion to Magistrate Judge Peggy Kuo. Text Order, April 27, 2026. Magistrate Judge Kuo granted Plaintiff leave to file the SAC by July 15, 2026, holding,

> "Defendants argue that Plaintiff's proposed amendments should be denied as futile.
> These futility arguments involve the entirety of Plaintiff's claims rather than the
> proposed amendments. . . . Defendants' arguments would be better addressed in a

---

[1] The complaint named the New York City Construction Authority as the sole defendant. ECF No. 1. The amended complaint added two co-defendants, two professional services companies, and John Does I-X. ECF No. 6. The companies requested to file motions to dismiss the amended complaint. ECF Nos. 35-36. Plaintiff dropped them from the SAC, leaving SCA as the sole remaining defendant. ECF No. 47-48.

motion to dismiss, which includes both the First Amended Complaint and the proposed amendments."

Text Order, July 9, 2026.

Plaintiff filed the SAC on July 15, 2026. ECF No. 48. Therefore, Defendants' deadline to respond to the SAC is July 29, 2026. Fed. R. Civ. P. 15(a)(3). Plaintiff's counsel consents to holding the time to respond in abeyance, until Your Honor decides Defendants' request for a conference prior to moving to dismiss the SAC pursuant to Rule 12(b)(6).

The legal standard for deciding a motion to amend a complaint is very similar to the standard for deciding a motion to dismiss for failure to state a claim. *Compare Burch v. Pioneer Credit Recovery, Inc.* 551 F.3d 122, 126 (2nd Cir. 2008) (amendments futile where, *inter alia*, they fail to state a claim or they are preceded by failures to cure deficiencies) *with Harris v. Mills,* 572 F.3d 66, 72 (2d Cir. 2009) (only complaints stating plausible claims survive a motion to dismiss). As Judge Kuo noted, however, motions to amend pleadings are very liberally granted. Motions to dismiss are not.

Judge Kuo also noted that Defendants' opposition to the SAC comprehended the entire SAC, not just the new allegations. Therefore, when the SAC is subjected to the more rigorous standard of Rule 12(b)(6), Defendants' arguments in opposition to amending the complaint will be carried forward and warrant dismissal.

SCA's arguments in support of a motion to dismiss can be summarized as follows. First, the two allegations of fraud were investigated by the Inspector General for the SCA and the Inspector General found no fraud. *See* Defendant New York City School Construction Authority's Memorandum of Law in Opposition to Plaintiff's Relator's Motion for Leave to File A Second Amended Complaint. ECF No. 43, at 15. Furthermore, the SAC fails to contain allegations that the SCA *caused* contractors to submit false claims to the federal or state governments, which is a pleading requirement under the federal False Claims Act. *See id.* at 17-19. Second, the SCA cannot be liable under the New York City or State False Claims Acts because it is not a "person" within the meaning of those statutes. *See id.* at 19. Third, the vague and conclusory allegations about post-termination actions by SCA do not state claims of retaliation against any of the Relators under any of the False Claims Acts. *See id.* at 20-22. Fourth, no cause of action for an accounting is to be found in the federal or state False Claims Acts and none exists under common law. *See id.* 22-23.

Plaintiff filed the SAC on July 15, 2026. ECF No. 48. Therefore, Defendant's deadline to respond to the SAC is July 29, 2026. Fed. R. Civ. P. 15(a)(3). Based on the foregoing, Defendant SAC respectfully requests that the Court schedule a conference in connection with Defendant's anticipated motion to dismiss and hold Defendant's time to respond to the SAC in abeyance pending that conference. This is Defendant SAC's first request for an extension of time to respond to the SAC. I have conferred with Plaintiff's counsel, who consents to this request.

Respectfully,

Belina Anderson
Assistant Corporation Counsel


cc:          All counsel of record
(by ECF)
Catherine Greenidge, Courtroom Deputy to the Honorable LaShann DeArcy Hall
*Catherine_Greenidge@nyed.uscourts.gov*