

**COHEN & COHEN**
— LAW —

540 East 180th Street, Suite 203
Bronx, New York 10457
Tel.: (212) 564-1900
Fax: (212) 954-5566

**Jaazaniah ("Jay") Asahguii, Esq.**
Email: jasahguii@cohenlawfirmllc.com
Direct: (347) 826-3431

July 31, 2026

<u>*Via ECF*</u>
The Honorable LaShann DeArcy Hall
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> RE:   *United States of America, New York State, ex rels. Frances Aldana, et al. v. New York City School Construction Authority; Case No. 23-cv-8078 (LDH)(PK)*

Dear Judge DeArcy Hall:

We write on behalf of Relators Jesenia Polanco, Frances Aldana, Julieta Cussino, and Deena Lettas (herein, "Relators") in response to Defendant New York City School Construction Authority (herein, "Defendant")'s letter dated July 24, 2026, requesting a pre-motion conference to discuss its anticipated motion to dismiss the Second Amended Complaint. Relators respectfully submit that a pre-motion conference on Defendant's anticipated motion would be premature and an inefficient use of judicial resources because Relators intend to promptly seek leave to file a Third Amended Complaint that would render Defendant's proposed motion moot.

By way of background, on July 9, 2026, Magistrate Judge Peggy Kuo granted Relators leave to file the Second Amended Complaint, holding that Defendant's futility arguments "involve the entirety of Plaintiffs' claims rather than the proposed amendments" and that "Defendants' arguments would be better addressed in a motion to dismiss." On July 15, 2026, Relators filed the Second Amended Complaint. In response, on July 24, 2026, Defendant requested a pre-motion

1

Our File No.: 132265

conference to discuss its anticipated motion to dismiss pursuant to Federal Rules of Civil Procedure (herein, "FRCP") Rule 12(b)(6).

Relators now intend to seek leave to file a Third Amended Complaint. Since filing the Second Amended Complaint, Relators have obtained substantial additional evidence of fraud against specific contractors and have identified additional relators with direct knowledge of fraudulent conduct involving state funds. Specifically, Relators have gathered evidence that demonstrates: (1) Additional fraudulent billing practices by contractors, identified but not named as defendants, in the Second Amended Complaint, including systematic double-billing and double payments for services; and (2) management's participation in facilitating contractor fraud, including specific communications directing employees to approve invoices without proper documentation and implementing a system to pay consultants and contractors up to three times the value of a project. This new evidence significantly expands the scope of Defendant's fraudulent conduct and necessitates the addition of new relators and new contractor defendants who directly submitted false claims to Defendant.

The Third Amended Complaint will cure any pleading deficiencies identified in Defendant's pre-motion letter. The Third Amended Complaint will: (1) Include detailed allegations identifying specific false claims submitted by specific contractors to Defendant, (2) add individual contractors as defendants who are unquestionably "persons" within the meaning of the New York State False Claims Act, (3) include substantially enhanced allegations regarding the retaliation suffered by each Relator with specific dates and causal connections, and (4) withdraw the accounting claim.

An amendment would be appropriate because (1) the Second Amended Complaint was filed approximately two weeks ago, (2) Defendant has not yet responded, and (3) discovery has not commenced. Permitting an amendment now will promote judicial economy by avoiding piecemeal motion practice. Additionally, Defendant will have a full and fair opportunity to respond to the Third Amended Complaint through a motion to dismiss or answer. Relators seek to amend based on newly obtained evidence and witnesses, not to avoid an adverse ruling. The addition of contractor defendants who are unquestionably "persons" under Federal and State False Claims Act eliminates Defendant's principal argument regarding SCA's status.

Relators respectfully request that the Court adopt the following proposed schedule for their motion to amend:

1. August 21, 2026 - - Relators to file a motion for leave to file a Third Amended Complaint with the proposed Third Amended Complaint attached;
2. September 4, 2026 - - Defendant to file its opposition; and
3. September 11, 2026 - - Relators to file a reply.

2

Our File No.: 132265

For the foregoing reasons, Relator respectfully requests that the Court: (1) Deny Defendant's request for a pre-motion conference regarding its anticipated motion to dismiss the Second Amended Complaint, or in the alternative, hold such conference in abeyance; (2) hold Defendant's time to respond to the Second Amended Complaint in abeyance pending the resolution of Relator's immediate request; and (3) accept Relator's motion schedule.

Relator has conferred with Defendant's counsel regarding this request and Defendant's counsel has withheld consent.

We thank the Court for its time and attention to this matter.

Respectfully,

By: _____

Jaazaniah Asahguii, Esq.
*For the firm*

Our File No.: 132265